IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GREGORY WILLIAMS, #168-674        * <br>       Petitioner, <br>                                        * <br>   5.                                                                    CIVIL ACTION NO. AW-06-3285 <br>                                         * <br> WARDEN, <br>       Respondent.                    * <br>                                         ****** | |

## **MEMORANDUM**

The Court is in receipt of correspondence from Petitioner which has been construed as a Petition for Writ Of Habeas Corpus filed pursuant to 28 U.S.C. §2241. Paper No. 1. Petitioner is currently incarcerated in the United States Penitentiary in Lewisburg, Pennsylvania. His letter is not a picture of clarity; however, it appears that Petitioner at various times and on unspecified dates has been convicted by the State of Maryland and the District of Columbia, and that he was or remains the subject of a parole violator warrant issued by the United States Parole Commission. *Id*. Petitioner asks that this Court "nun pro tunc [his] state time towards [his] existing District of Columbia sentence." *Id*. For the reasons that follow the request shall be denied.

To the extent that Petitioner is asking this Court to invoke its mandamus jurisdiction and exercise authority over his state court conviction, the Court cannot do so. *See* 28 U.S.C. § 1361. A federal district court has original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. The district court, however, has no mandamus jurisdiction over state employees and cannot compel the Maryland state courts to take the action he requests regarding his sentence.

To the extent Petitioner seeks to compel the Bureau of Prisons to take any action regarding his sentences, jurisdiction does not lie in this venue.[1]  Subject matter jurisdiction of a § 2241 habeas corpus petition lies in the federal district court where Petitioner is incarcerated or in the federal district court where the Petitioner's custodian is located.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973).  Petitioner is confined in a Lewisburg, Pennsylvania, and his custodian, or the person who has the day-to-day responsibility for his custody, would be the warden at USP Lewisburg.  Therefore, this Court finds that jurisdiction of the instant action lies in Pennsylvania, not in Maryland.

The Court will not transfer this case given the uncertain nature of Petitioner's claim.[2] Accordingly, the case will be dismissed in a separate Order.

Date:  January 25, 2007

/s/
Alexander Williams, Jr.
United States District Judge

---

[1] Lastly, Petitioner is advised that the United States Parole Commission's decision whether the parolee's violator term will run consecutively or concurrently to his new prison term is committed to the discretion of the Commission. *See Garcia v. Neagle*, 660 F.2d 983 (4th Cir. 1981) (holding Commission decisions are committed to unreviewable agency discretion).

[2] Petitioner is advised that he may file a separate cause of action in the appropriate jurisdiction detailing the dates of his various convictions, sentences, and incarcerations and what relief he believes he is entitled to receive. Petitioner is further advised that under *Rose v. Lundy*, 455 U.S. 509 (1982), before files a petition seeking habeas relief in federal court, he must exhaust each claim presented through remedies available administratively and in state court.